UNITED STATES of America,
Plaintiff–Appellee,

v.

Lorin G. SLOAN, Defendant–Appellant.

No. 90–3154.

United States Court of Appeals,
Seventh Circuit.

Argued June 14, 1991.

Decided Aug. 9, 1991.

Rehearing and Rehearing En Banc
Denied Sept. 10, 1991.

See also 704 F.Supp. 880.

Andrew B. Baker, Jr. (argued), Asst. U.S. Atty., Dyer, Ind., for plaintiff-appellee.

Lorin G. Sloan (argued), pro se.

Before POSNER, MANION and KANNE, Circuit Judges.

KANNE, Circuit Judge.

Like moths to a flame, some people find themselves irresistibly drawn to the tax protestor movement's illusory claim that there is no legal requirement to pay federal income tax. And, like the moths, these

people sometimes get burned. Lorin G. Sloan believed these claims and because he acted upon them now faces four months in a federal prison; there can be little doubt that he has been burned.

Mr. Sloan describes himself as a "blue collar working man" employed by the Fisher Body Division of General Motors at its plant in Marion, Indiana. After studying anti-tax literature he received at meetings of the Sons of Liberty and Patriots for Liberty, two organizations of like-minded tax protestors, Mr. Sloan became adamant in his belief that he was not obligated to pay federal income taxes. Consistent with this new-found conviction, Mr. Sloan did not pay any federal income taxes on his wages for the years 1981, 1982 and 1983 (a total tax due of approximately $8,000.00) and took the affirmative step of filing false W–4 forms to ensure that his "exemption" from the income tax continued.

Because he put this theory into practice, in due course Mr. Sloan was charged with, tried on, and convicted by a jury of three counts of tax evasion, 26 U.S.C. § 7201. The district judge sentenced him to four months imprisonment on one count to be followed by four months of work release. Sentences of two and three years imposed on the other two counts were suspended. In addition, Mr. Sloan was placed on follow-up probation of five years, required to pay his tax deficiency and repay the costs of prosecution, and fined $200,000 (which was later suspended). The execution of Mr. Sloan's sentence was stayed pending the outcome of this appeal.

Mr. Sloan ostensibly pursues this matter on his own behalf—or perhaps more correctly without trained legal counsel. In any event, he appeared before us personally to argue his appeal. The primary position taken by Mr. Sloan is that he has been unable to learn from any authoritative source—the tax code, the Internal Revenue Service, or the federal courts—the exact statutory provision which imposes upon him a legal duty to file a federal tax return. This position is, no doubt, formulated to show that he did not willfully violate a "known legal duty." Moreover, in dem-onstrating to him the existence of this duty, Mr. Sloan insists that our analysis of his obligation to pay the federal income tax be consistent with certain fundamental principles or "standards" which he says he has learned through his studies. Unfortunately, for Mr. Sloan, his "standards" are inapplicable because they have previously been rejected by the federal courts.

■ One such fundamental and immutable principle, he maintains, is that the revenue laws of the United States do not impose a tax on income. But we have squarely rejected this tax protestor argument before, holding that the Internal Revenue Code imposes a tax on all income, *Coleman v. Commissioner,* 791 F.2d 68, 70 (7th Cir. 1986); *Lovell v. United States,* 755 F.2d 517, 519 (7th Cir.1984), and that wages are income, *United States v. Koliboski,* 732 F.2d 1328, 1329 & n. 1 (7th Cir.1984).

As another cornerstone of his position, Mr. Sloan cites *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 842–43, 104 S.Ct. 2778, 2781, 81 L.Ed.2d 694 (1984), for the proposition that the tax code provisions establishing an income tax are an unlawful agency interpretation of a statute because the Congress clearly did not intend to impose a tax on income. His argument, of course, is based on the false premise described above. Congress lawfully enacted the Internal Revenue Code and the Internal Revenue Code lawfully imposes a tax on income. *See, e.g., Coleman,* 791 F.2d at 70; *United States v. Studley,* 783 F.2d 934, 940 (9th Cir.1986); *Wheeler v. United States,* 744 F.2d 292, 293 (2d Cir.1984); *Koliboski,* 732 F.2d at 1329. Thus, the prosecution of persons for tax evasion under federal criminal law presents no issue of deference to an agency's interpretation of federal statutes.

■ Also basic to Mr. Sloan's "freedom from income tax theory" is his contention that he is not a citizen of the United States, but rather, that he is a freeborn, natural individual, a citizen of the State of Indiana, and a "master"—not "servant"—of his government. As a result, he claims that he is not subject to the jurisdiction of the laws

of the United States. This strange argument has been previously rejected as well. "All individuals, natural or unnatural, must pay federal income tax on their wages," regardless of whether they requested, obtained or exercised any privilege from the federal government. *Lovell*, 755 F.2d at 519; *cf. Studley*, 783 F.2d at 937 (Studley's argument that "she is not a 'taxpayer' because she is an absolute, freeborn and natural individual ... is frivolous. An individual is a 'person' under the Internal Revenue Code."). Moreover, the tax code imposes a "direct nonapportioned [income] tax upon United States citizens throughout the nation, not just in federal enclaves," such as postal offices and Indian reservations. *United States v. Collins*, 920 F.2d 619, 629 (10th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 2022, 114 L.Ed.2d 108 (1991) (citing *Brushaber v. Union Pacific R.R.*, 240 U.S. 1, 12–19, 36 S.Ct. 236, 239–42, 60 L.Ed. 493 (1916)). Mr. Sloan's proposition that he is not subject to the jurisdiction of the laws of the United States is simply wrong.

The foregoing recitation of federal court rulings rejecting his taxation principles really comes as no surprise to Mr. Sloan for he has shown himself to be aware of existing case law in this area. In fact, in order to make plain his position Mr. Sloan states categorically that "I DO NOT 'misunderstand the law.' I am *not* raising a constitutional challenge to the taxing statutes. This is a question of whether I can be charged with a crime for violating a legal duty when no one will show me where that legal duty exists." *See* "Appellant Sloan's Notice of Standard" at 10 (filed July 1, 1991).

 We will treat Mr. Sloan's question as a challenge to the legal sufficiency of the indictment which charged him with tax evasion. To meet the standards imposed by the fifth and sixth amendments to the Constitution, an indictment must "[1] state[ ] all of the elements of the offense charged, [2] inform[ ] him of the nature of the charges so that a defense can be prepared, and [3] enable[ ] the defendant to evaluate any possible double jeopardy problems presented by the charge." *United States v. Glecier*, 923 F.2d 496, 499 (7th Cir.1991) (quoting *United States v. Neapolitan*, 791 F.2d 489, 500–01 (7th Cir.), *cert. denied*, 479 U.S. 939, 107 S.Ct. 421, 93 L.Ed.2d 371 (1986)); *United States v. Foster*, 789 F.2d 457, 459 (7th Cir.), *cert. denied*, 479 U.S. 883, 107 S.Ct. 273, 93 L.Ed.2d 249 (1986). All the requirements were readily met in this case.

First, the three-count indictment stated all the essential elements required to be proved by the government to convict the defendant of federal tax evasion. *Glecier*, 923 F.2d at 499. "To establish a violation of § 7201, the government must prove willfulness, the existence of a tax deficiency and an affirmative act constituting an evasion or attempted evasion of [the] tax." *United States v. Copeland*, 786 F.2d 768, 770 (7th Cir.1985) (citing *Sansone v. United States*, 380 U.S. 343, 351, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965)); *see also United States v. Davenport*, 824 F.2d 1511, 1516 (7th Cir.1987). Here, all three counts of the indictment established the first required element by alleging that Mr. Sloan "did willfully and knowingly attempt to evade and defeat said income tax due and owing to the United States." The indictment's first count further stated that he "owed approximately $4,142.30 to the United States of America in income tax," providing him notice of the existence of a tax deficiency.[1] Finally, the act of filing a false Form W–4 constitutes an affirmative act of evasion or attempting to evade. *See Copeland*, 786 F.2d at 770. And, once again, all three counts of the indictment indicated that Mr. Sloan had committed this affirmative act.

Second, the indictment was sufficient to inform Mr. Sloan of the charges against him. *Glecier*, 923 F.2d at 499. The indictment cited the statute he was accused of violating (26 U.S.C. § 7201) and identified

---

1. The tax deficiencies differed for each of the three years. Count 2 indicated that Sloan owed $3,618.00 to the United States government for 1982, while count 3 covering 1983 revealed that Sloan was obligated to pay $653.53 to the government.

the specific tax (the income tax) he was obligated to pay. It also provided other information—including the tax year, his taxable income, the amount of tax due, his failure to file an income tax return, his filing of a false Form W–4, and his failure to pay the tax—pertinent to the charges against him.[2] Thus, the second requirement was satisfied in the present case.

Third, the indictment sufficiently designated the tax, the tax year, and the specific false W–4 forms (those Sloan filed with his employer, Fisher Body Division of General Motors) to eliminate any possibility of objection on the grounds of double jeopardy. Mr. Sloan's indictment was therefore legally sufficient in all respects to support his convictions for tax evasion for the years 1981, 1982 and 1983.

We also note that the Supreme Court's recent decision in *United States v. Cheek*, —— U.S. ——, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991), does not help Mr. Sloan. The jury in this case was given what was later determined in *Cheek* to be an erroneous "objectively reasonable good faith misunderstanding of the law" instruction. However, Mr. Sloan did not object to that instruction at trial and therefore the issue was not preserved for appeal—unless the giving of the instruction constituted plain error. *United States v. Witvoet*, 767 F.2d 338, 340 (7th Cir.1985).

■ Plain error, as our cases teach, is error of such "great magnitude that it probably changed the outcome of the trial." *United States v. Kerley*, 838 F.2d 932, 937 (7th Cir.1988) (citation omitted). But it is rare for an improper instruction to "justify reversal of a criminal conviction when no objection has been made in the trial court." *Henderson v. Kibbe*, 431 U.S. 145, 154, 97 S.Ct. 1730, 1736, 52 L.Ed.2d 203 (1977). To determine whether a jury instruction was plain error, we must examine the entire trial record to see if the instruction had a probable impact on the jury's finding.

*United States v. Bressler*, 772 F.2d 287 (7th Cir.1985), *cert. denied*, 474 U.S. 1082, 106 S.Ct. 852, 88 L.Ed.2d 892 (1986); *Witvoet*, 767 F.2d at 339–40; *United States v. Verkuilen*, 690 F.2d 648, 653 (1982). In *Bressler*, another tax protestor case, the court held that the district court's instruction on the good faith defense—which required the misunderstanding to be "objectively reasonable"—did not constitute plain error because the court had properly instructed the jury that willfulness is a "voluntary and intentional violation of a known legal obligation," and because the "evidence clearly established that the defendant did not 'misunderstand' the law." *Bressler*, 772 F.2d at 291.

■ The same considerations are present in this case. The jury received the correct definition of willfulness and Mr. Sloan specifically concedes that he does not misunderstand the law. Moreover, this concession is consistent with the evidence introduced at trial showing that he filed correct tax returns and paid the appropriate amount of income tax in 1978, 1979 and 1980. In the following years, because of his disagreement with the federal income tax law he did not file tax returns and submitted false W–4 forms which claimed he was exempt and had owed no income tax the previous year. We therefore conclude that even if the defective jury instruction had not been given, the outcome of the trial would have been the same and thus there was no plain error.

The real tragedy of this case is the unconscionable waste of Mr. Sloan's time, resources, and emotion in continuing to pursue these wholly defective and unsuccessful arguments about the validity of the income tax laws of the United States. Despite our rejection of Mr. Sloan's legal analysis of the tax laws, we are not unmindful of the sincerity of his beliefs. On the other hand, we are less sure of the

---

2. We also note that this information satisfies the requirements imposed by the Federal Rules of Criminal Procedure. *See* Fed.R.Crim.P. 7(c)(1) ("the indictment or information shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged.... The indictment or information shall state for each count the official or customary citation of the statute, regulation or other provision of law which the defendant is alleged therein to have violated.").

sincerity of the professional tax protestors who promote their views in literature and meetings to persons like Mr. Sloan, yet are unlikely ever to face the type of penalties incurred by him. It may be that our decision will not alter Mr. Sloan's views regarding the tax laws of this country, for he has stated that if we affirm his conviction without applying the law as he understands it, our decision will be "a sham to which I WILL NOT SUBMIT." It may also be that serving his sentence in prison will not alter Mr. Sloan's view. We hope this pessimistic assessment is incorrect.

We AFFIRM the conviction of Lorin G. Sloan on all counts.