956 F.2d 273
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John L. PLEMONS Defendant-Appellant.
 91-1894.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 18, 1992.*
Decided Feb. 27, 1992.
Rehearing and Rehearing En Banc
Denied May 12, 1992.
 
 Before BAUER, Chief Circuit Judge, and COFFEY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 A jury convicted John L. Plemons of four counts of willfully failing to file income tax returns for the years 1983-1986, in violation of 26 U.S.C. § 7203. Plemons maintains that because he is a citizen of Indiana, and all states are "foreign countries", he is not a citizen of the United States for tax purposes. Based on this notion of citizenship, Plemons concludes that he is a non-resident alien and argues that all of his income is "foreign earned income" which is exempt from taxation by the United States.
 
 
 2
 This court recently rejected the contention that citizens of the states are not citizens of the United States for tax purposes in United States v. Sloan, 939 F.2d 499 (7th Cir.1991). The appellant in Sloan argued "that he is not a citizen of the United States, but rather, that he is a freeborn, natural individual, a citizen of the State of Indiana, and a 'master'--not 'servant'--of his government." Id. at 500. This court concluded: "Mr. Sloan's proposition that he is not subject to the jurisdiction of the laws of the United States is simply wrong." Id. at 501.
 
 
 3
 Like Sloan, Plemons' arguments are without merit. Indiana is not a foreign country, as Plemons would have this court believe. We need not discuss Plemons' other contentions, as his other arguments were all premised on his erroneous claim that he is not a citizen of the United States for federal taxation purposes.
 
 Plemons' convictions are
 
 4
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs