976 F.2d 727
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Luther BARTRUG, Defendant-Appellant.
 No. 91-5895.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: September 8, 1992
Decided: October 7, 1992
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Richard L. Williams, Senior District Judge. (CR-91-78-R)
 John A. Gibney, Jr., SHUFORD, RUBIN & GIBNEY, Richmond, Virginia, for Appellant.
 Richard Cullen, United States Attorney, John C. McDougal, Special Assistant United States Attorney, Richmond, Virginia, for Appellee.
 E.D.Va.
 Affirmed.
 Before HALL and PHILLIPS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Luther Bartrug appeals his conviction by a jury on three counts of evading federal income taxes, in violation of 26 U.S.C. § 7201 (1988). Bartrug's stand-by counsel at trial has filed a brief arguing that the government did not prove willfulness, an element of a § 7201 prosecution, or alternatively, that Bartrug did not receive a fair trial because he was forced to represent himself while the district judge refused to stay the trial or recuse himself. Bartrug has filed a supplemental brief claiming the indictment should have been dismissed and that the government did not prove he engaged in a"revenue taxable activity." Finding no merit in these contentions, we affirm.
 
 
 2
 The indictment charged Bartrug with not paying federal income taxes in 1982, 1983, and 1987. He was convicted after a one-day jury trial at which he represented himself. The district court sentenced him to concurrent terms of one year and one day, six months, and eleven months in prison.
 
 
 3
 To prove tax evasion under 26 U.S.C. § 7201 the government must prove a tax deficiency, an affirmative act constituting evasion, and willfulness. United States v. Sloan, 939 F.2d 499, 501 (7th Cir. 1991), cert. denied, 60 U.S.L.W. 3498 (U.S. 1992). Bartrug claims the government failed to prove willfulness. He argues that his reliance on outdated case law and a 1943 Congressional Record coupled with his determination to proceed with a trial and risk a prison sentence over a small tax liability "underscores his sincere belief that he owed no tax."
 
 
 4
 The Supreme Court recently held that the standard for statutory willfulness is the voluntary, intentional violation of a known legal duty. Cheek v. United States, 59 U.S.L.W. 4049, 4052 (U.S. 1991). Further, the Court held that the defendant's good faith belief does not have to be objectively reasonable to negate his awareness of the known legal duty. Id.
 
 
 5
 The district judge properly instructed the jury under the Cheek standard. Bartrug does not dispute this and seems to claim that the jury simply misconstrued his motivation. But credibility determinations are for the jury to make and will not be disturbed on appeal. United States v. Saunders, 886 F.2d 56 (4th Cir. 1989). We find ample evidence of willfulness.
 
 
 6
 Bartrug argues that he never waived his right to counsel and that the district court committed reversible error when it allowed Bartrug to represent himself. A criminal defendant has a Sixth Amendment right of self-representation, but his decision must be intelligent and knowing. Faretta v. California, 422 U.S. 806 (1975); United States v. Gillis, 773 F.2d 549, 559 (4th Cir. 1985). A waiver of the right to counsel, though not explicit, can be found from the circumstances. See United States v. Davis, 958 F.2d 47 (4th Cir. 1992), petition for cert. filed, (July 2, 1992). Refusal to proceed with competent counsel without good cause is sufficient to show a voluntary waiver of counsel. United States v. Gallop, 838 F.2d 105, 109 (4th Cir.), cert. denied, 487 U.S. 1211 (1988). A court's failure to inquire whether the defendant's waiver was knowing and intelligent is not reversible error where the court finds the defendant is rejecting competent counsel for purposes of delay. Id. at 110-11.
 
 
 7
 The district judge granted Bartrug's pretrial motion to proceed pro se, but only after informing Bartrug that his court-appointed attorney would be appointed stand-by counsel, the court's usual practice. Bartrug objected to this arrangement.
 
 
 8
 While an explicit waiver of Bartrug's right to counsel is not found in the record, a fair reading of the record supports the district judge's findings that Bartrug was not interested in employing any specific attorney, that he was prepared to represent himself at the pretrial hearing and at trial, and that he confined his objections to the stand-by counsel to that lawyer's lack of experience in tax questions. The record also discloses Bartrug filed ten pretrial motions and argued before the jury in support of his good faith belief defense.
 
 
 9
 The record supports the district court's conclusion that Bartrug voluntarily, knowingly, and intelligently waived counsel and that his rejection of counsel was a delay tactic. The failure of the record to show an explicit waiver or interrogation about a waiver is not reversible error. See Gallop, 838 F.2d at 110-11.
 
 
 10
 The decision whether to grant a trial continuance is normally within the trial court's discretion. Shirley v. North Carolina, 528 F.2d 819, 822 (4th Cir. 1975). Abuse of discretion arises when the denial is so fundamentally unfair as to violate due process. Id. A review of the record submitted on this appeal indicates that the district judge did not abuse his discretion in denying a continuance.
 
 
 11
 Bartrug also claims that the district judge should have recused himself because he was biased against Bartrug. If the alleged bias is judicial in nature, such as rulings against the movant's interests, recusal is not warranted. The judge's familiarity with a party through involvement in other proceedings does not show extrajudicial bias. In re Beard, 811 F.2d 818, 827 (4th Cir. 1987). The test for recusal under the federal statute, 28 U.S.C. § 455(a) (1988), is whether a reasonable person might question the judge's impartiality under all the circumstances. See United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980); United States v. Gigax, 605 F.2d 507, 511 (10th Cir. 1979). Denial of a recusal motion is reviewed for abuse of discretion. United States v. Mitchell, 886 F.2d 667 (4th Cir. 1989).
 
 
 12
 Here, the judge expressed some irritation with Bartrug's tactics at arraignment and at the pretrial hearing and compared those tactics to the "obstructing tactics" of certain named tax protest organizations which he labelled "cults." (J.A. at 23, 35). The judge's remarks reflect no more than the judge's supervision of court procedures and not any personal bias against Bartrug. Judge Williams said as much when he denied Bartrug's recusal motion. We find no abuse of discretion.
 
 
 13
 Bartrug also argues Judge Williams showed bias during the trial when he interrupted Bartrug's cross-examination of a government witness and answered the question himself. The record reveals that the judge allowed the questioning to proceed over the government's objection and that the judge intervened only after Bartrug had asked the court to direct the witness to answer. The question called for a legal answer. If there was any harm in having the jury see and hear the judge interrupt Bartrug's cross-examination, that error was harmless because the judge was responding to Bartrug's call for intervention and the legal answer was similar to the judge's later jury instructions.
 
 
 14
 We have considered Bartrug's two other contentions relating to the indictment and "revenue taxable activity" and find them frivolous.
 
 
 15
 We affirm Bartrug's convictions and the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED