**UNITED STATES of America, Plaintiff,**

v.

**Paul DUBROVICH, Defendant.**

#### No. 93 C 245.

United States District Court,
N.D. Illinois, E.D.

March 12, 1993.

Paul J. Dubrovich, pro se.

Francis C. Lipuma, Colleen D. Coughlin, U.S. Attorney's Office, Chicago, IL, for U.S.

#### MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

"Like moths to a flame, some people find themselves irresistibly drawn to the tax protestor movement's illusory claim that there is no legal requirement to pay federal income tax." *United States v. Sloan*, 939 F.2d 499, 499 (7th Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 940, 117 L.Ed.2d 110 (1992). Paul Dubrovich is such a person. Following a bench trial before Judge Terence T. Evans, sitting by designation, Dubrovich was convicted of (1) tax evasion for the years 1984, 1985, 1986 and 1989 (respectively, Counts I–IV of the superseding indictment), in violation of 26 U.S.C. § 7201, and (2) failure to file a tax return for the same years (Counts V–VIII), in violation 26 U.S.C. § 7203. On February 7, 1992, Judge Evans sentenced Dubrovich to a two-year term of imprisonment on Counts I, II and III of the superseding indictment. Dubrovich received a one-year term of imprisonment on Counts V, VI and VII, such sentence to run concurrent with that for Counts I, II and III. On Counts IV and VIII, pursuant to the Sentencing Reform Act of 1984, Judge Evans imposed sentences of eighteen and twelve months respectively. While the sentences for Counts IV and VIII run concurrently to each other, they run consecutive to the sentences imposed on Counts I, II, III, V, VI and VII. Presently before this court is Dubrovich's motion to vacate, set aside or correct his sentences pursuant to 28 U.S.C. § 2255. For the reasons set forth below, we deny the motion.

As have previous "tax protestors," Dubrovich contends that, as "a natural born individual," he is not subject to the jurisdiction of the laws of the United States. Specifically, he claims (i) that the government has failed to produce a statute that classifies him as a "person," and (ii) that he is not a "citizen" within the meaning of the Fourteenth Amendment of the United States Constitution. Far from an issue of first impression, the Seventh Circuit has repeatedly laid this tired argument to rest. *See, e.g., Sloan,* 939 F.2d at 500–01; *Lovell v. United States,* 755 F.2d 517, 519 (7th Cir.1984). To be sure, we too believe Dubrovich's assertions are legally frivolous. The procedural posture of this case, however, does not afford this court the opportunity to render such an opinion.

Pursuant to § 2255, a federal prisoner claiming that his sentence was imposed in violation of the Constitution or the laws of the United States may, at any time, "move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255 (1992). As a collateral attack on the criminal judgment, claims brought pursuant to § 2255 must first overcome the obstacle of the procedural default doctrine. As stated by the Seventh Circuit in *Nevarez–Diaz v. United States,* 870 F.2d 417, 422 (7th Cir.1989), "a defendant may not raise on collateral attack even constitutional claims that could have been raised earlier, unless the defendant can demonstrate cause for and prejudice resulting from the omission." *See also United States v. Frady,* 456 U.S. 152, 167, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982); *Davis v. United States,* 411 U.S. 233, 243–45, 93 S.Ct. 1577, 1583–84, 36 L.Ed.2d 216 (1973); *Liss v. United States,* 915 F.2d 287, 290 (7th Cir.1990). Establishing "cause" for a procedural default on appeal ordinarily requires a showing of "some external impediment preventing [petitioner] from constructing or raising the claim." *Murray v. Carrier,* 477 U.S. 478, 492, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986).

There is no dispute that Dubrovich's current claims were never presented to the Seventh Circuit on direct appeal. Indeed, Dubrovich did not appeal his convictions, sentences or any other matter related to case No. 91 CR 194. As an explanation, Dubrovich states only: "I dont [sic] have much faith in the courts." While Dubrovich's renewed faith in the courts (evinced by his current motion) is laudable, it comes too late. The abandonment of his right to appeal his convictions and sentences to the Seventh Circuit represents a calculated decision on the part of Dubrovich. Such a decision is not the type of external impediment essential to this court's authority to excuse his default. No matter how foolhardy, Dubrovich is bound by his conscious choice. As Dubrovich could have, and should have, presented his current claims to the Seventh Circuit on direct appeal, he is barred from raising such claims in a collateral attack under § 2255. Accordingly, Dubrovich's motion to vacate, set aside or correct his sentences is denied. It is so ordered.