51 F.3d 276
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Michael S. ABLE, Defendant/Appellant.
 No. 92-3910.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 6, 1995.*
Decided April 7, 1995.
 
 Before BAUER, COFFEY and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Michael S. Able was convicted by a jury of five counts of income tax evasion and five counts of willful failure to file income tax returns for the tax years 1985 through 1989. 26 U.S.C. Secs. 7201, 7203. He was sentenced to nine months of imprisonment on each count to be served currently and three years of supervised release. Able, proceeding pro se, appeals his conviction. We affirm.
 
 
 2
 Able asserts that the "trial facts and testimony" do not support the jury verdict, apparently raising a sufficiency of evidence claim. Considering the evidence and the accompanying inferences in the light most favorable to the government, we find that a reasonable juror could find beyond a reasonable doubt that Able had committed the tax offenses. Jackson v. Virginia, 443 U.S. 307, 319 (1979). At trial, the government introduced evidence that Able, who earned income as an electrician for several companies and received commissions for selling life insurance policies and mutual funds, did not file federal tax returns for the tax years 1985 to 1989, evading a total of $25,733.52 in taxes. The government further introduced evidence showing that in each of the charged taxable year, Able submitted W-4 Forms to his employers claiming exemptions from income tax even though he did not qualify for the exemptions. On cross-examination, Able stated that he did not pay any federal income taxes because the Sixteenth Amendment and the federal tax laws did not apply to him. He also admitted submitting the W-4 Forms in question, stating that he had claimed the exemptions because he did not want his employers "interfering with [his] inalienable right to [his] time." (Tr. at 246.) Regardless of his belief as to the legality of his failure to pay taxes, Able's own admissions, as well as the evidence produced by the government, amply supported the jury verdict against Able.
 
 
 3
 Citing the Administrative Procedure Act, 5 U.S.C. Sec. 554, Able argues that the government failed to give him an administrative hearing concerning his tax liabilities in violation of his due process rights.[1] Able's argument is frivolous. The government's prosecution of Able for tax evasion under federal criminal law is not an agency action and the government is not required to provide Able with administrative hearings.
 
 
 4
 Equally without merit is Able's claim that the district court erred in not entertaining his various pre-trial and trial motions, including for example, "motion to cure plea," "motion to severe and dismiss," "motion to remand with reserved right to dismiss," and motion for a directed verdict. After reviewing the record and the transcripts before us, we find that the district court did entertain the various motions filed by Able and had properly dismissed the motions in a summary fashion. There was no error.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 The government also construes this portion of Able's appellate brief as raising a jurisdictional question. Although it does not plainly appear that Able is making such an argument, we agree with the government that a claim challenging the district court's jurisdiction over Able concerning the tax offenses would be frivolous. See United States v. Hilgeford, 7 F.3d 1340, 1342 (7th Cir.1993); United States v. Sloan, 939 F.2d 499, 500-01 (7th Cir.1991) (rejecting taxpayer's claim that he is a citizen of the State of Indiana and not subject to the jurisdiction of the laws of the United States)