89 F.3d 839
 78 A.F.T.R.2d 96-5628
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
John E. THOMMEN, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 95-2628.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 25, 1996.*
Decided June 25, 1996.
 
 Before CUMMINGS, PELL and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 John Thommen appeals the commissioner's deficiency determination that the United States Tax Court upheld in its April 5, 1995 memorandum opinion and order. The tax court's final and appealable order disposed of Thommen's challenges to the Commissioner's determination that he owed taxes for the years 1989, 1990, and 1991.
 
 
 2
 On appeal, Thommen makes no effort to demonstrate error in the tax court's decision. Instead, he challenges the Commissioner's deficiency determination based on the applicability of federal tax laws to him as a citizen of Illinois,[1] arguing inter alia that Illinois cannot cede its taxing authority to the federal government. (Thommen's Br. at 17). He also contends that the Commissioner (as well as the Secretary of Treasury and Department of Justice) is without jurisdiction to require him to file federal tax form 1040 due to an absence of proper promulgating regulations. (Thommen's Br. at 9, 10). Abundant case law demonstrates that these arguments are frivolous, see e.g. United States v. Sloan, 939 F.2d 499 (7th Cir.1991), and thus fail to invoke this court's jurisdiction. Korzen v. Local Union 705, 75 F.3d 285, 288 (7th Cir.1996) ("[A] frivolous claim does not invoke the jurisdiction of the federal courts."). Accordingly, the tax court's entry upholding the Commissioner's deficiency determination is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 While Thommen challenges the applicability of the federal tax laws to him by contending to be a "nontaxpayer", he specifically admits the constitutionality of the tax code and the validity of the Sixteenth Amendment to the Constitution. (Thommen's Br. at 8 p 4 & at 9 pp 8, 9)