103 F.3d 133
 78 A.F.T.R.2d 96-7530, 96-2 USTC P 50,665
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Arnold COHN and Eleanor Cohn, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 96-2035.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 31, 1996.*
Decided Nov. 22, 1996.
 
 Before POSNER, Chief Judge, and CUMMINGS and EVANS, Circuit Judges.
 
 ORDER
 
 1
 The respondent issued federal income tax deficiencies against Arnold and Eleanor Cohn for 1990, 1991, and 1992 claiming that the Cohns had not substantiated their rights to certain deductions they had claimed and that they had understated the gain realized from the sale of a residence.
 
 
 2
 The Cohns filed a petition with the Tax Court seeking redetermination of the deficiencies, stating that they "yielded no jurisdiction" and that they "entered as friends of the court." During the pendency of the petition for redetermination, the petitioners sent two letters to the Appeals Office of the Internal Revenue Service, claiming immunity from federal income tax. In preparation for trial, the Commissioner sent two notices to the petitioners regarding the need to stipulate, under Tax Court Rule 91, to certain facts and documents not in dispute, and included a draft of the stipulations for the petitioner's review. During this time, the Tax Court issued a notice setting the case for trial and informing the parties of their obligations to begin discussions for settlement and stipulation purposes. The notice stated that failure to engage in such communications could result in a dismissal of the case against the nonresponsive party. Although the petitioners did not respond to the Commissioner's first request for stipulations, they answered the second request and stated that they sought to stipulate that they were "sovereign citizens from the State of Wisconsin" and that they were not citizens or residents of the United States for federal income tax purposes. Later, the petitioners objected to the Commissioner's trial memorandum by letter stating, among other things, that they were going to file suit against the Commissioner's counsel in his personal capacity.
 
 
 3
 The respondent moved to dismiss the case for lack of prosecution and to impose sanctions against petitioners pursuant to I.R.C. § 6673 alleging that they had failed to stipulate to undisputed facts and had failed to raise valid objections to the respondent's claims. The Tax Court conducted a hearing during which the petitioners again argued that they were not taxpayers for purposes of paying federal income tax. Later, the petitioners responded to a supplement to the respondent's motion for sanctions under § 6673 in which they argued that they were not in the jurisdiction of the United States Congress and that they resided in "the Wisconsin Republic." The Tax Court granted the respondent's motion to dismiss the case and imposed sanctions against the petitioners, finding that they had failed to offer any legitimate argument supporting their claims and instead advanced only "frivolous tax protester arguments." The petitioners appeal from the dismissal of their suit for failure to prosecute, but raise no challenge to the imposition of sanctions.
 
 
 4
 The petitioners makes several arguments on appeal, all of which lack merit. First, the petitioners' attack on the constitutionality of federal taxation has no legal basis. Miller v. United States, 868 F.2d 236, 241 (7th Cir.1988) (recognizing "the long and unbroken line of cases upholding the constitutionality of the sixteenth amendment") (citing Brushaber v. Union Pacific Railroad Co., 240 U.S. 1 (1916)). The petitioners next assert that the Tax Court did not have jurisdiction to adjudicate the factual and legal issues associated with the Notice of Deficiency which serves as the basis of this lawsuit. The constitutionality of the legislation that established the Tax Court also has been upheld on several occasions. Geras v. Lafayette Display Fixtures, Inc., 742 F.2d 1037, 1048 (7th Cir.1984) (Posner, J., dissenting on other grounds); see also Shenker v. Commissioner of Internal Revenue, 804 F.2d 109, 114 n. 6 (8th Cir.1986); Knoblauch v. Commissioner, 749 F.2d 200, 202 (5th Cir.1984), cert. denied, 474 U.S. 830 (1985). The petitioners also argue, in a variety of ways, that they are citizens of the Republic of Wisconsin and not the United States and are therefore, not subject to federal income tax. This argument has been rejected by this court as frivolous on numerous occasions. United States v. Hilgeford, 7 F.3d 1340, 1342 (7th Cir.1993); United States v. Sloan, 939 F.2d 499, 500-01 (7th Cir.1991). Finally, the petitioners' attempt to demonstrate that wages are not income for federal income tax purposes also must fail. Sloan, 939 F.2d at 500; Coleman v. Commissioner of Internal Revenue, 791 F.2d 68, 70 (7th Cir.1986) ("Wages are income, and the tax on wages is constitutional.") (citations omitted). Based on the patently frivolous nature of the petitioners' claims, we dismiss the appeal.
 
 
 5
 The respondent also argues that the Tax Court did not abuse its discretion by imposing sanctions under § 6673. The petitioners do not raise this issue in their opening brief, and consequently, they have waived this argument on appeal. Parillo v. Commercial Union Ins. Co., 85 F.3d 1245, 1250 (7th Cir.1996). However, even if we were to review this issue on the merits, we would affirm the Tax Court's finding that the Cohns instituted these proceedings for the purpose of delay and harassment, and that their claims were patently frivolous, and thus would conclude that the imposition of $3,000 in sanctions was not an abuse of discretion.
 
 
 6
 The respondent's motion for sanctions under Federal Rule of Appellate Procedure 38, 28 U.S.C. § 1927 and I.R.C. § 7482(c)(4), seeking $2,000 from petitioners for maintaining a frivolous appeal is granted for the reasons stated in the accompanying per curiam opinion.[1]
 
 
 7
 DISMISSED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Federal Rule of Appellate Procedure 38, amended as of December 1, 1994, allows this court to award damages for frivolous appeals "after a separately filed motion or notice from the court and reasonable opportunity to respond...." The respondent served the motion for sanctions upon the petitioners on August 9, 1996. In their reply brief, the petitioners acknowledged having notice of the motion for sanctions and stated that their opposition to the motion was contained in their argument in the reply brief