Clyde W. LARUE, Mark Hilvety, Beverly Hilvety, Brian L. Hilvety, Tammy A. Hilvety, Thomas L. Magro, Vicky Magro, Debra L. Larue, Dale T. Hedberg, Patricia A. Hedberg, Neil Hilvety, Ruth B. Hilvety, Jeffrey S. Thorpe, Ronald E. Ekiss, Delmar Volentine, Lori Damhorst, Mark Damhorst, Debra I. Damhorst, Andrew J. Hortenstine, Pamela S. Hortenstine, John F. Koester, Marcella K. Koester, Rich McAdams, Russell W. Corrigan, Kimberly S. Corrigan, Jeffrey Gibbs, Kimberly Kelly, David Gibbs, and Jeff White, Plaintiffs,

v.

UNITED STATES, United States of America, its Collectors of Internal Revenue Tax; John Wendorff, Former District Director; John Wendorff, individually; Robert W. Brock, District Director; Robert W. Brock, Individually; Robert D. Kreige, Former Chief, Special Procedures Function; Robert D. Kreige, Individually; Jim Daniel, Chief Special Procedures Function; Jim Daniel, Individually; Daniel L. Black, Former District Director; Daniel L. Black, Individually; H.A. Williamson, Revenue Officer; H.A. Williamson, Individually; Sam Randazzo, Revenue Officer, Sam Randazzo, Individually; John Ford, Group Manger; John Ford, Individually; V.A. Boeckman, Revenue Officer; V.A. Boeckman, Individually; Georgia L. House, Revenue Officer; Georgia L. House, Individually; Valerie Zeisset, Revenue Officer; Valerie Zeisset, Individually; Ralph B. Logan, Revenue Officer; Ralph B. Logan, Individually; J.D. Nolan, Revenue Officer; J.D. Nolan, Individually; Kathryn L. Jeffers, Special Agent; Kathryn L. Jeffers, Individually; Patrick Calhoun, Special Agent; Patrick Calhoun, Individually; Sue Roderick, Special Agent; Sue Roderick, Individually; Bernard J. Coleman, Special Agent; Bernard J. Coleman, Individually; Larry Wirt, Special Agent; Larry Wirt, Individually; Robert Jacobs, Special Agent; Robert Jacobs, Individually; Bill McCormick, Special Agent; Bill McCormick, Individually; H. Matson, Special Agent; H. Matson, Individually; Gary Brown, Revenue Officer; Gary Brown, Individually; and any other John Does to be named, Defendants.

No. 96–3270.

United States District Court, C.D. Illinois, Springfield Division.

Jan. 14, 1997.

Clyde LaRue, Springfield, IL, Pro Se.

Mark Hilvety, Macon, IL, Pro Se.

Beverly Hilvety, Macon, IL, Pro Se.

Brian L. Hilvety, Moweaqua, IL, Pro Se.

Tammy A. Hilvety, Moweaqua, IL, Pro Se.

Thomas Magro, Springfield, IL, Pro Se.

Vicky Magro, Springfield, IL, Pro Se.

Debra L. LaRue, Springfield, IL, Pro Se.

Dale T. Hedberg, Breese, IL, Pro Se.

Patricia A. Hedberg, Breese, IL, Pro Se.

Neil Hilvety, Macon, IL, Pro Se.

Ruth Hilvety, Macon, IL, Pro Se.

Jeffrey S. Thorpe, Springfield, IL, Pro Se.

Ronald E. Ekiss, Decatur, IL, Pro Se.

Delmar Volentine, Sorento, IL, Pro Se.

Lori Damhorst, Quincy, IL, Pro Se.

Mark Damhorst, Quincy, IL, Pro Se.

Debra I. Damhorst, Quincy, IL, Pro Se.

Andrew J. Hortenstine, Windsor, IL, Pro Se.

Pamela S. Hortenstine, Windsor, IL, Pro Se.

John F. Koester, Effingham, IL, Pro Se.

Marcella K. Koester, Effingham, IL, Pro Se.

Rich McAdams, Rochester, IL, Pro Se.

Russell W. Corrigan, Sutter, IL, Pro Se.

Kimberly S. Corrigan, Sutter, IL, Pro Se.

Jeffery T. Gibbs, Modesto, IL, Pro Se.

Kimberly M. Kelly, Modesto, IL, Pro Se.

David Gibbs, Modesto, IL, Pro Se.

Jeffery H. White, Franklin, IL, Pro Se.

Gerald H. Parshall, Jr., U.S. Dept. of Justice, Tax Div., Washington, DC, for United States of America.

RICHARD MILLS, District Judge:

### ORDER

This cause is before the Court on Defendants' Motion to Dismiss.

On November 29, 1996, the United States, acting on behalf of the Defendants, filed a motion to dismiss this case for failure to state a claim upon which relief may be granted. Plaintiffs have filed no response to that motion.

As the Court noted in an earlier order, this is the second tax protest lawsuit Clyde W. LaRue and his colleagues have filed in this Court within two years. The Court dismissed the first lawsuit as frivolous and imposed sanctions on the Plaintiffs under Federal Rule of Civil Procedure 11. Clyde W. LaRue appealed and the United States Court of Appeals sanctioned him for filing a frivolous appeal.

Plaintiffs make essentially the same claims in this lawsuit as they did in the lawsuit they filed in 1995. Specifically, Plaintiffs claim that they are exempt from federal income tax because the State of Illinois is not a "state" as defined by Congress in the Internal Revenue Code. Rather, they argue that Illinois is a member of the "union." Thus, according to their convoluted reasoning, since Illinois is not a state for federal income tax purposes, then they are "non-resident aliens" and exempt from federal income taxes. In a new twist, Plaintiffs also claim that they are the victims of involuntary servitude imposed in violation of the Thirteenth Amendment to the United States Constitution.

Plaintiffs argue that they are exempt from federal income tax because they are non-resident aliens. Yet they concede that they are residents of the state of Illinois. Thus, Plaintiffs' claim to be non-resident aliens is absurd on its face and warrants no further discussion. *See, e.g., United States v. Hilgeford,* 7 F.3d 1340, 1342 (7th Cir.1993) ("The defendant in this case apparently holds a sincere belief that he is a citizen of the mythical 'Indiana State Republic' and for that reason is an alien beyond the jurisdictional reach of the federal courts. This belief is of course, incorrect."); *United States v. Sloan,* 939 F.2d 499, 500 (7th Cir.1991) (Plaintiff contends "that he is not a citizen of the United States, but rather, that he is a freeborn, natural individual, a citizen of the State of Indiana.... This strange argument has been previously rejected as well."); *Lovell v. United States,* 755 F.2d 517, 519 (7th Cir.1984).

Plaintiffs' claim of involuntary servitude is likewise absurd on its face. The Thirteenth Amendment to the United States Constitution provides that "[n]either slavery nor involuntary servitude" shall exist within the United States. Plaintiffs offer nothing in their Complaint, and offer no response to Defendants' Motion to Dismiss, from which they might establish that they are slaves or otherwise subject to involuntary servitude. Taxes are not a symbol of involuntary servitude. After all, "[t]axes are what we pay for civilized society...." *Compania General de Tabacos de Filipinas v. Collector of Internal Revenue*, 275 U.S. 87, 100, 48 S.Ct. 100, 105, 72 L.Ed. 177 (1927) (Holmes, J., dissenting). The hallmark of civilized society (for which taxes are paid) is freedom, the antithesis of slavery.

The Court finds that Plaintiffs' claims are without any basis in law and must, therefore, be dismissed. Plaintiffs' Complaint is fraught with procedural and jurisdictional deficiencies (some of which the Court noted in its Order of December 9, 1996) but the Court will not waste its time discussing procedure when, at its core, this is a meritless tax protest action.

As in *LaRue v. Collector of Internal Revenue*, No. 95–3036 (C.D.Ill., filed Feb. 2, 1995), the Court is inclined to impose sanctions upon Plaintiffs under Federal Rule of Civil Procedure 11. As instructed below, Plaintiffs shall show cause, if any exists, why they should not be sanctioned pursuant to Federal Rules of Civil Procedure 11(b)(2) and 11(b)(3) for filing a frivolous complaint.

*Ergo,* The United States' Motion to Dismiss (d/e 32) is ALLOWED. This cause is DISMISSED with prejudice; Plaintiffs are to bear all costs of this action.

Plaintiffs' motions to strike and for summary judgment (d/e 35 and d/e 36) are DENIED as MOOT.

Plaintiffs are ordered to show cause in writing by January 30, 1997 why they should not be sanctioned pursuant to Federal Rule of Civil Procedure 11.