124 F.3d 204
 80 A.F.T.R.2d 97-6275, 97-2 USTC P 50,703
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Clyde I. LARUE, Mark Hilvety, Beverly Hilvety, et al.,
Plaintiffs-Appellants,
v.
UNITED STATES of America, Its Collectors of Internal Revenue
Tax, John WENDORFF, Former District Director and
individually, Jim Daniel, Chief Special Procedures Function
and individually, et al., Defendants-Appellees.
 No. 96 C 3270.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 26, 1997.*
Decided Sept. 8, 1997.
Rehearing Denied Oct. 30, 1997.
 
 1
 Appeal from the United States District Court for the Central District of Illinois, Springfield Division.
 
 
 2
 Before Hon. WALTER J. CUMMINGS, Circuit Judge Hon. WILBUR F. PELL, Jr., Circuit Judge Hon. JOEL M. FLAUM, Circuit Judge
 
 ORDER
 
 3
 On September 3, 1996, we handed down an order disposing of plaintiff Clyde W. LaRue's first action seeking the return of all income taxes that he had paid to the United States. He contended that he should be considered a non-resident alien because he is a resident of Illinois rather than of the United States. In our order we held that plaintiff's argument was patently frivolous and ordered him to pay $1,500 to the United States for bringing a frivolous appeal. Twenty-three days later LaRue and 28 other individuals filed another complaint against the United States and others claiming that defendants recklessly and intentionally disregarded the various provisions of the Code of Federal Regulations and regulations promulgated thereunder and "have refused by fraud, coercion, and fear to allow the Plaintiffs their rights to revoke the original Forms 1040 'elections' for all tax years ab initio" and have placed the plaintiffs under involuntary subjection to the Sixteenth Amendment, in violation of the Thirteenth Amendment. Plaintiffs claimed $1,000,000 "Judgment Damage" plus economic damages of $20,000,000 per each of the 29 claimants.
 
 
 4
 On January 14, 1997, the district judge handed down an order granting the government's motion to dismiss with prejudice and ordering plaintiffs to show cause why they should not be sanctioned. Plaintiffs were claiming that they are "non-resident aliens" exempt from federal income taxes because Illinois is not a "state" as defined in the Internal Revenue Code but rather is a member of the "Union." Plaintiffs also were asserting that they are victims of involuntary servitude in violation of the Thirteenth Amendment. As the district judge pointed out, plaintiffs' assertion that they are non-resident aliens is absurd because they concede that they are residents of Illinois. See United States v. Hilgeford, 7 F.3d 1340, 1342 (7th Cir.1993); United States v. Sloan, 939 F.2d 499, 500-501 (7th Cir.1991), certiorari denied, 502 U.S. 1060 (1992); Lovell v. United States, 755 F.2d 517, 519 (7th Cir.1984).
 
 
 5
 The district judge also rejected plaintiffs' claim of involuntary servitude because plaintiffs have not established they are slaves or otherwise subject to involuntary servitude.
 
 
 6
 Therefore, the district court granted the government's motion to dismiss with prejudice and ordered plaintiffs to show cause why they should not be sanctioned. On March 17, 1997, plaintiffs filed a notice of appeal from the January 14, 1997, judgment.[1]
 
 
 7
 The district court judgment dismissing this case and sanctioning LaRue should be affirmed. Plaintiff Clyde LaRue is dismissed from this appeal because he failed to pay $1,500 in sanctions that we imposed upon him in our September 3, 1996, order.
 
 
 8
 Plaintiffs never filed an administrative claim for a tax refund with the Internal Revenue Service so that the district court did not acquire jurisdiction over their claim for a refund of federal income taxes. See Section 7422(a) of the Internal Revenue Code.
 
 
 9
 Insofar as plaintiffs are seeking damages on the ground that the government violated their constitutional rights, the government has not waived its immunity with respect to such a suit.
 
 
 10
 Finally, the complaint was subject to dismissal for failure to state a claim. Plaintiffs have based their claim for damages on the ground that as non-resident aliens they are not subject to tax. Such allegations are patently frivolous and justify the district court in planning to impose sanctions against them for bringing a wholly baseless action.[2]
 
 
 11
 The January 14, 1997, judgment is affirmed.[3]
 
 
 
 *
 This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examination of the briefs and the record, we have concluded that oral argument is unnecessary, accordingly, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. 34(f)
 
 
 [1]
 Subsequent to the judgment of January 14, 1997, the district court issued other orders but we have no jurisdiction over them because the notice of appeal is timely only with respect to the January 14, 1997, judgment. Therefore this order is confined to that judgment
 
 
 [2]
 Plaintiffs did not file a notice of appeal from the $2,000 sanction imposed upon LaRue, the $200 sanctions imposed upon the 19 plaintiffs who had also participated in the prior action with LaRue, and the $100 sanctions imposed against the remaining plaintiffs on April 3, 1997
 
 
 [3]
 The arguments raised in plaintiffs' September 3, 1997 reply brief do not merit separate discussion