Opinion issued January 27, 2005








     







In The
Court of Appeals
For The
First District of Texas




NO. 01-03-01215-CV




JAMES E. LEAF, Appellant

V.

CDI ENGINEERING GROUP, INC., Appellee




On Appeal from County Civil Court at Law No. 3
Harris County, Texas
Trial Court Cause No. 794,125




MEMORANDUM OPINION

          Appellant, James E. Leaf, brought a declaratory action seeking a determination
that his employer, appellee CDI Engineering Group, Inc. (“CDI”), did not have the
legal authority to withhold federal income taxes and social security contributions
from his wages. Leaf asserts that he does not consent to be governed by federal
statutes that diminish his constitutional privileges and immunities. The trial court
granted CDI’s summary judgment declaring that CDI possessed the legal authority
to withhold employment, income, social security, Medicare, FICA, and other required
taxes from Leaf’s wages. The trial court directed CDI to tender to Leaf the net wages
he refused, minus an award of $3,750 in attorneys’ fees. We affirm the judgment of
the trial court. 
Background
          Leaf is a United States citizen who permanently resides in Brazoria County,
Texas. He was born in Texas, and has resided in the state for twenty years. In
September 2002, CDI, a Texas corporation with its principal office in Houston, hired
Leaf as a senior design engineer. CDI assigned Leaf to work at a facility in Bay City,
Texas. CDI placed Leaf on a regular payroll schedule and withheld employment
taxes and social security contributions. CDI mailed Leaf his paychecks, but Leaf
chose not to cash any of them. 
          On March 16, 2003, Leaf wrote a letter to CDI and enclosed all of his
paychecks issued during his employment. Leaf marked the paychecks with the words
“refused for cause.” In his letter, Leaf informed CDI that he could not accept the
paychecks without diminishing his “unalienable rights.” Leaf then brought suit
seeking a declaratory judgment that CDI did not have the authority to withhold
income taxes and social security contributions from his wages. 
Standard of Review
          The movant for a summary judgment has the burden of showing that no
genuine issue of material fact exists and thus he is entitled to judgment as a matter of
law. Tex. R. Civ. P. 166a(c); Park Place Hosp. v. Estate of Milo, 909 S.W.2d 508,
510 (Tex. 1995); Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985). 
A defendant moving for summary judgment must either disprove at least one element
of each of the plaintiff’s causes of action, or plead and conclusively establish each
essential element of its affirmative defense, thereby rebutting the plaintiff’s causes
of action. Cathey v. Booth, 900 S.W.2d 339, 341 (Tex. 1995). 
Discussion
          Although his appellate brief does not present a specific issue, Leaf’s contention
on appeal appears to be that the trial court erred in granting CDI’s motion for
summary judgment, declaring that CDI has the legal authority to withhold federal
taxes from Leaf’s wages. Leaf claims that by withholding federal taxes from his
wages, CDI attempted to “compel and entrap [Leaf] to volunteer into a foreign
jurisdiction and consent to be governed within the federal government’s exclusive
legislative jurisdiction.” Leaf asserts that he is not subject to “federal statutes that are
locally inapplicable.” Relying on Article 1, Section 8, Clause 17 of the United States
Constitution, Leaf contends that the social security and income tax laws are
applicable only to areas where Congress has the power to exercise exclusive
jurisdiction—those areas set forth in Article 1, Section 8, Clause 17 of the United
States Constitution, and that Congress is not constitutionally empowered to tax
citizens of the State of Texas. U.S. Const. art. 1, § 8, cl. 17.


 In further support of
his argument, Leaf cites to the definition section of the Internal Revenue Code, which
provides the following: 
(e) State, United States, and citizen. For the purposes of this chapter–
(1) State. The term “State” includes the District of
Columbia, the Commonwealth of Puerto Rico, the Virgin
Islands, Guam, and American Samoa.
 
(2) United States. The term “United States” when used in
a geographical sense includes the Commonwealth of
Puerto Rico, the Virgin Islands, Guam, and American
Samoa.
26 U.S.C. § 3121(e) (2000). Leaf claims that, as these definitions do not refer to the
fifty states, subtitle C of the Internal Revenue Code governing employment taxes and
the collection of income tax is not applicable to the fifty states, including Texas. 
          Leaf’s contention is without merit. Federal courts have consistently rejected
similar arguments. In United States v. Ward, the Eleventh Court of Appeals held that
the term “included” in 26 U.S.C. § 3121(e) is not a term of limitation, but rather is a
term of definition that clarifies that the United States includes not only the fifty states,
but also the District of Columbia and United States territories. Ward, 833 F.2d 1538,
1539 (11th Cir. 1987) (per curiam); see also United States v. Sloan, 939 F.2d 499,
501 (7th Cir. 1991) (stating that “all individuals, natural or unnatural, must pay
federal income tax on their wages, regardless of whether they requested, obtained or
exercised any privilege from the federal government”); In re Becraft, 885 F.2d 547,
548-49 (9th Cir. 1989) (noting that federal courts have both implicitly and explicitly
recognized Sixteenth Amendment’s authorization of non-apportioned direct income
tax on United States citizens residing in United States and validity of federal income
tax laws applied to such citizens).
          Moreover, the Fourteenth Amendment of the United States Constitution
provides that “[a]ll persons born or naturalized in the United States, and subject to the
jurisdiction thereof, are citizens of the United States and of the States wherein they
reside.” U.S. Const. amend. XIV, § 1. Leaf admits that he was born in Texas and
has lived and worked within the state for most of his life. Leaf is a citizen of the
United States, and as such, is subject to federal income tax laws. The Sixteenth
Amendment specifically gives Congress the power to tax incomes without
apportionment among the several States.


 In addition, the United States Supreme
Court has upheld social security contributions. See Helvering v. Davis, 301 U.S. 619,
640, 645-46, 57 S. Ct 904, 910-11 (1937). The trial court therefore properly granted
summary judgment.Conclusion
          We hold that Leaf, a native-born citizen of both Texas and the United States,
is subject to the jurisdiction and taxation power of the federal government. Thus,
CDI properly withheld federal income taxes and social security contributions from
his wages. We affirm the judgment of the trial court. 
 
                                                             Jane Bland
                                                             Justice
 
Panel consists of Chief Justice Radack, and Justices Higley and Bland.