**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2062
_____

UNITED STATES OF AMERICA

v.

GLENN WORLEY; TAMERA WORLEY,
Appellants
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civil Action No. 13-cv-00761)
District Judge:  Honorable John E. Jones, III
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 21, 2014

Before:  RENDELL, GREENAWAY, JR., and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed February 9, 2015)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

In this tax case, Glenn Worley and his wife Tamera Worley, proceeding pro se, appeal an order of the United States District Court for the Middle District of Pennsylvania granting summary judgment for the United States. For the reasons that follow, we will affirm the judgment of the District Court.

The United States filed a complaint against the Worleys seeking to reduce tax assessments to a judgment and to sell the Worleys' non-residential real property to satisfy the judgment. The United States moved for summary judgment and submitted evidence showing that the Worleys each owe more than $80,000 in federal income taxes. Notices and demands for payment were issued but the Worleys did not pay the amount due. Glenn Worley was also assessed a $500 penalty for filing a frivolous tax return for the 2004 tax year and he has not paid the penalty.

The Magistrate Judge recommended that the District Court grant the United States' motion for summary judgment. The Magistrate Judge explained that the United States had established a prima facie case of liability against the Worleys by providing certified copies of the certificates of assessments and payments, and that the Worleys did not present evidence showing that a genuine issue of material fact exists. The Magistrate Judge rejected the Worleys' arguments that they are not required to pay taxes. The Magistrate Judge also concluded that the United States was entitled to a penalty for Glenn Worley's filing of a frivolous tax return. Finally, the Magistrate Judge concluded that the

2

United States should be permitted to foreclose on their real property and have the proceeds allocated to the tax liabilities.

The District Court adopted the Magistrate Judge's report and recommendation and granted summary judgment for the United States. Noting that the Worleys did not file objections to the Magistrate Judge's report, the District Court found no clear error and stated that the Magistrate Judge's analysis was well-reasoned and fully supported by the record. The District Court ordered the sale of the Worleys' real property. The District Court also denied the Worleys' subsequent motion for reconsideration in which they again argued that they are not required to pay income tax. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Because the Worleys did not file objections to the Magistrate Judge's report, we review the decision below for plain error. Brightwell v. Lehman, 637 F.3d 187, 193 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007).

The Worleys reiterate on appeal the arguments they presented below disputing that they are subject to income tax. They assert, based on the language of the Internal Revenue Code, that the statute does not impose a tax on them or their revenue. They also contend, among other things, that the Internal Revenue Service lacks authority to tax them and the revenue they received for services rendered in their employment. These

3

arguments are the kind of "tax protester" arguments that we have rejected as patently frivolous. Sauers v. Comm'r of Internal Rev., 771 F.2d 64, 66-67 (3d Cir. 1985).[1]

The Worleys also argue that they did not receive a copy of the Magistrate Judge's report before the District Court adopted it. The Worleys, however, state that they obtained the report on February 18, 2014, but they did not raise this issue in the brief they filed in support of their motion for reconsideration on February 28, 2014. Rather, the Worleys first raised their belated receipt of the report in a "petition for rehearing" filed after reconsideration was denied and a judgment was entered. As noted by the Government, even if the Worleys' failure to file objections were excused, they would at most be entitled to de novo review rather than plain error review. See Leyva v. Williams, 504 F.3d 357, 364 (3d Cir. 2007) (applying de novo review where litigant did not receive notice that failure to object would result in forfeiture of rights). The Worleys' arguments that summary judgment was not warranted because they are not required to pay taxes fail under either standard.

The Worleys also contend that they were never given an opportunity to refuse consideration of their case by a Magistrate Judge pursuant to Federal Rule of Civil Procedure 73. The Government correctly notes in its brief that Rule 73, which permits a

---

[1]The courts of appeals have also specifically rejected arguments similar to those made by the Worleys. See, e.g., United States v. Sloan, 939 F.2d 499, 500-01 (7th Cir. 1991) (rejecting argument that individual was not subject to the jurisdiction of the laws of the United States); Ficalora v. Comm'r of Internal Rev., 751 F.2d 85, 87-88 (2d Cir. 1984) (rejecting argument that the Internal Revenue Code does not impose a tax on any

Magistrate Judge to conduct a trial and enter a judgment if all parties consent, is inapplicable. Here, the Magistrate Judge only made a recommendation concerning the disposition of the case pursuant to Rule 72(b), which does not require the parties' consent. Fed. R. Civ. P. 72(b)(1). Finally, to the extent the Worleys contend that they were denied a trial by jury, they have not shown that a genuine issue of material fact existed for trial.

Accordingly, we will affirm the judgment of the District Court.

individual but on undefined "taxable income").