**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Tommy A. DAVIS, Defendant–
Appellant (Two Cases).**

**Nos. 89–5629, 89–5641.**

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 4, 1991.

Decided Feb. 26, 1992.

Robert N. Pollard, III, Christian, Markham & Dolbeare, Richmond, Va., argued, for defendant-appellant.

Phillip Blair Scott, Asst. U.S. Atty., Charleston, W.Va., argued (Michael W. Carey, U.S. Atty. and Mary S. Feinberg, Asst. U.S. Atty., on brief), for plaintiff-appellee.

Before WIDENER and HALL, Circuit Judges, and WILSON, United States District Judge for the Western District of Virginia, sitting by designation.

OPINION

· PER CURIAM:

Alleging that he was arraigned without counsel contrary to the requirements of the Sixth Amendment, Tommy A. Davis, a tax protestor, appeals his convictions on three misdemeanor counts of willful failure to file an income tax return in violation of 26 U.S.C. § 7203.[1] The United States contends that the court's failure to appoint counsel before Davis' arraignment was harmless error. We find Davis unjustifiably blocked inquiry into his financial ability to retain counsel and has, therefore, failed to demonstrate any error at all.

I.

In July of 1988, Davis was charged in an information with three misdemeanor counts of willful failure to file an income tax return for the calendar years 1983, 1984, and 1985, in violation of 26 U.S.C. § 7203. Davis appeared initially before the United States Magistrate Judge on July 26, 1988, pursuant to a summons and was informed by the Magistrate Judge of the charges against him, his right to counsel, and his right to court appointed counsel in the event he was unable to afford counsel. Davis informed the Magistrate Judge that he was attempting to obtain counsel. The Magistrate Judge then set Davis' arraignment for August 4, 1988, and told Davis that he expected him to be there with counsel or if he was unable to retain counsel, he was to inform the court and "fill out the proper financial affidavit" so that counsel could be appointed before the arraignment.

---

1. Davis' attorney has filed a brief in accordance with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that in his view, there are no other meritorious issues for appeal. Davis was advised of his right to file a supplemental pro se brief and has filed several pro se briefs raising numerous issues for appeal. In accordance with *Anders,* we have examined the entire record and find no error.

Davis appeared at the arraignment without having retained counsel and without having made arrangements for the appointment of counsel. The Magistrate Judge entered a not guilty plea for Davis over Davis' objection to the entry of a plea without the presence of counsel. The Magistrate Judge then informed Davis that Davis would have to complete the requisite financial affidavit establishing that he was entitled to court appointed counsel.

Davis refused to complete a financial affidavit and filed a motion objecting to the Magistrate Judge having required him to supply "financial information for the appointment of counsel." The following day, Davis also filed a motion objecting to having been arraigned without counsel and a motion requesting that counsel be appointed. United States District Judge Elizabeth V. Hallanan directed that an *in camera* hearing be held to determine whether or not Davis was entitled to court appointed counsel. Notice of the hearing specifically informed Davis that the "evidence [would] be taken by the court on a confidential basis."

Despite repeated assurances by Judge Hallanan that Davis' answers would be sealed, Davis refused to reveal whether he had income in the preceding twelve months or whether he owned any real estate. Davis refused, in his words, "to waive [his] fifth amendment right to obtain a—sixth amendment right to counsel."[2] Although Davis steadfastly blocked any meaningful inquiry into his financial ability to retain counsel, counsel was appointed at government expense.[3]

## II.

 We assume without deciding that a federal arraignment is a "critical stage" in which a defendant is entitled to counsel absent a waiver. *See Michigan v. Jackson*, 475 U.S. 625, 629, 106 S.Ct. 1404, 1407, 89 L.Ed.2d 631 (1986); *Hamilton v. Alabama*, 368 U.S. 52, 54 n. 4, 82 S.Ct. 157, 158, 7 L.Ed.2d 114 (1961). To qualify for court appointed counsel, however, defendant bears the burden of proving that he lacks financial means to retain counsel. *United States v. Sarsoun*, 834 F.2d 1358, 1361 (7th Cir.1987). Davis failed to meet this burden because he stubbornly refused

2. The following is excerpted from the colloquy between Davis and the district court concerning Davis' financial ability to retain counsel:

The Court: Well, let me ask you this: I asked you this question a moment ago if you were getting income from any of those various sources; interest, rent payments, dividends, retirement, or annuity payments. Is your answer to that question, "No"?

Davis: I didn't answer that question because that is still, still that is, to give any kind of a statement is making a rule that as a condition of getting my right to counsel. That's my understanding of it, now, and that's why I need an attorney so he can explain this to me, maybe.

The Court: You mean explain why it's necessary for you to give this information in order to have appointed counsel? Is that what you're saying?

Davis: Well, the Supreme Court doesn't give any conditions as, you know, that would stand in the way of having counsel in any case.

The Court: Well, I don't know what case you're talking about. My understanding of the case law in this regard is that it is necessary for the Court to get this information, Mr. Davis, and I'm not going to argue the law with you at this point. I'm going by what I consider the law to be. I'm sure you understand that.

Davis: I understand.

The Court: Well, are you saying it would be fruitless for me to proceed in asking you any other questions concerning your income?

Davis: It would be fruitless to, for me to waive my Fifth Amendment right to obtain a—Sixth Amendment right to counsel. To pursue that, that's making a rule as a condition on my right to counsel, and that's a fundamental right is my understanding of that.

The Court: Well, ... is it fruitless for me to proceed to ask you any further questions concerning your financial condition?

Davis: I've made—I have told you what my financial condition is. I don't have any funds. And I don't know anyone that I could get funds from.

\* \* \* \* \* \*

The Court: Do you own any real estate?

Davis: I am not going to give out any financial information and I feel that that is placing a condition on my right to counsel.

3. Davis then complained that the court appointed the public defender:

The appointed federal public defender could very well turn out to be an *ESCORT* to the very Gates of the Federal Prison System instead of Counsel to assist in my defense. I will be the one who will suffer the consequences if the DEFENSE fails.

to answer any meaningful questions concerning his claim of indigence. As this court has previously made clear, a defendant cannot block legitimate inquiry into his ability to afford counsel and then complain if counsel is not appointed.[4] *United States v. Kaufman,* 452 F.2d 1202, 1202 (4th Cir.1971) (per curiam), *cert. denied,* 405 U.S. 989, 92 S.Ct. 1252, 31 L.Ed.2d 455 (1972); *see United States v. Gallop,* 838 F.2d 105, 108 (4th Cir.), *cert. denied,* 487 U.S. 1211, 108 S.Ct. 2858, 101 L.Ed.2d 895 (1988). By blocking legitimate inquiry into his financial condition, a defendant impliedly waives his right to counsel. *See Sarsoun,* 834 F.2d at 1363. Although Judge Hallanan appointed counsel for Davis after a careful and patient *in camera* hearing, she was not compelled to do so as the evidence failed to establish that Davis lacked sufficient means to retain counsel. Having failed to establish, therefore, that he was ever entitled to court appointed counsel, Davis cannot complain that he was arraigned without counsel.

### III.

For the foregoing reasons, we find Davis has failed to demonstrate any error and, therefore, do not address the issue of harmless error. Consequently, the judgment of the district court is

AFFIRMED.

---

**4.** Because Fifth and Sixth Amendment concerns are intertwined when court appointed counsel is sought by a defendant charged with an income tax violation and because those concerns were raised by Davis in the district court, though not specifically in this appeal, we feel compelled to note that the district court avoided any serious Fifth Amendment challenge by conducting an *ex parte* examination of Davis and informing him that the stenographic copy of his answers would be sealed. *Compare United States v. Anderson,* 567 F.2d 839, 840–41 (8th Cir.1977); *United States v. Gravatt,* 868 F.2d 585, 589–90 (3d Cir.1989); *United States v. Peister,* 631 F.2d 658, 661–62 (10th Cir.1980), *cert. denied,* 449 U.S. 1126, 101 S.Ct. 945, 67 L.Ed.2d 113 (1981); and *Sarsoun,* 834 F.2d at 1363–64.