UNITED STATES of America,
Plaintiff–Appellant,

v.

John A. HICKEY; Mamie Tang,
Defendants–Appellees.

No. 98–10305.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 15, 1999.

Decided Aug. 9, 1999.

David W. Shapiro, Assistant United States Attorney, San Francisco, California, for the plaintiff-appellant.

David J. Cohen, Law Office of David J. Cohen, San Francisco, California, and William Weiner, San Francisco, California, for the defendants-appellees.

Before: SCHROEDER, FLETCHER and BOOCHEVER, Circuit Judges.

SCHROEDER, Circuit Judge:

The principal issue is whether we have jurisdiction over an interlocutory criminal appeal by the United States. The government seeks to appeal the district court's order refusing to unseal the criminal defendants' financial affidavits, which the defendants were required to file in support of their request for court-appointed counsel. We hold that we lack jurisdiction because the appeal does not fall within the statutory rule that only final judgments are appealable, 28 U.S.C. § 1291, within the limited exceptions for interlocutory criminal appeals by the government, 18 U.S.C. § 3731, or within the collateral order exception to the finality rule, *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546–47, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). We dismiss the appeal and deny the government's alternative application for mandamus relief.

In July of 1997, a grand jury indicted the criminal defendants and appellees, John Hickey and Mamie Tang, for securities, mail, and wire fraud. The indictment alleged, among other things, that the defendants misappropriated millions of dollars of investor funds, which the defendants obtained by selling limited partnership interests. During the course of the investigation leading to the indictment, the defendants had applied for, and received, court-appointed counsel. *See United States v. Hickey*, 997 F.Supp. 1206, 1207 (N.D.Cal.1998). In addition to appointing counsel, the court had also ordered the defendants' financial affidavits sealed. *Id.*

After the indictment, the government moved to unseal the financial affidavits and to show cause why the defendants should not be compelled to retain private counsel. *Id.* The magistrate judge to whom the motions had been referred denied the motion to unseal the financial affidavits and granted the government's motion for an order to show cause. *Id.* at 1208–09. The magistrate judge subsequently held an *in camera* hearing to evaluate whether the

defendants met the financial requirements for court-appointed counsel and ruled that both defendants qualified for appointed counsel. In denying the motion to unseal, the magistrate judge found that the financial information contained within the defendants' affidavits directly related to the financial fraud charges against them. *Id.* at 1208–09. This congruence between the character of the information contained in the affidavits and the charges levied against the defendants led the magistrate judge to conclude that the "[d]efendants are faced with substantial and real hazards of incrimination should the Court unseal the financial affidavits." *Id.* The district court upheld the magistrate judge's ruling.

 In its attempt to appeal to this court, the government contends that it seeks review of the sealing order in part because it wishes to vindicate the public's right of access to documents filed with the court, *see Seattle Times Co. v. United States Dist. Court (W.D.Wash.),* 845 F.2d 1513, 1515 (9th Cir.1988). The government, however, lacks third-party standing to assert this right on behalf of the public in this case. The government is the prosecutor, not a third party whose sole interest in the litigation is access to documents. Moreover, the government has not shown that members of the public face any impediments in asserting their right of access to these documents. *See Singleton v. Wulff,* 428 U.S. 106, 115–16, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976); (four Justices concurring); *Powers v. Ohio,* 499 U.S. 400, 414–15, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991) (discussing obstacles faced by discriminated-against jury venirepersons in protecting their own rights); *United States v. De Gross,* 960 F.2d 1433, 1437 (9th Cir.1992) (en banc) (same); *see also United States v. Carrigan,* 804 F.2d 599, 601 n. 1 (10th Cir.1986) (government cannot claim third party standing unless the third party faces an impediment to asserting her own rights).

The government does put forward other interests that it has standing to assert. It acknowledges that it wishes to unseal the affidavits at least in part to gain discovery of material that may be used in its case in chief, and for impeachment purposes should the defendants testify. It further contends that it wishes to examine the affidavits to investigate the possibility of independently prosecuting the defendants for perjury.

 Ordinarily, we may review a district court order only upon the final decision in the underlying litigation. *See* 28 U.S.C. § 1291; *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 467, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978); *United States v. Dior,* 671 F.2d 351, 354 (9th Cir.1982). The government, of course, cannot appeal from a judgment of acquittal because a defendant may not twice be put in jeopardy. *See* U.S. Const. amend. V; *Monge v. California,* 524 U.S. 721, 118 S.Ct. 2246, 2250, 141 L.Ed.2d 615 (1998). A statute provides the government an appeal as of right from certain interlocutory orders including, for example, an order granting a motion to suppress. *See* 18 U.S.C. § 3731. Section 3731 clearly does not apply here, and the government does not contend that it does. *See Dior,* 671 F.2d at 356 (discussing the "limited circumstances" in which § 3731 applies).

 The government asserts that this court has jurisdiction over this appeal under the collateral order doctrine, a narrow non-statutory exception to § 1291's final judgment rule. *See Midland Asphalt Corp. v. United States,* 489 U.S. 794, 798–99, 109 S.Ct. 1494, 103 L.Ed.2d 879 (1989) (citing *Cohen,* 337 U.S. at 546, 69 S.Ct. 1221). To fall within the parameters of the exception, an order must "(1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3)[be] effectively unreviewable on appeal from a final judgment." *See United States v. Hitchcock,* 992 F.2d 236, 238 (9th Cir. 1993) (per curiam). We apply this exception strictly in criminal cases because of § 1291's strong policy against piecemeal litigation and the disfavor for government

appeals in the criminal context. *See Midland Asphalt Corp.*, 489 U.S. at 799, 109 S.Ct. 1494; *Carroll v. United States*, 354 U.S. 394, 400–05, 77 S.Ct. 1332, 1 L.Ed.2d 1442 (1957); *Hitchcock*, 992 F.2d at 238; *Dior*, 671 F.2d at 354–56. The government thus frequently cannot obtain review of alleged district court errors in a criminal case, a consequence that inevitably flows from the rationales underlying the final judgment rule and the limited nature of the collateral order exception. *Carroll*, 354 U.S. at 406, 77 S.Ct. 1332.

■ The district court's order in this case does not qualify as an appealable collateral order. First, the order does not conclusively determine that the affidavits must remain sealed forever, permanently foreclosing a government investigation into possible perjury. Once the defendants have been tried on the indicted offenses, or even after the defendants have concluded their testimony in this case, the Fifth Amendment concern will be greatly diminished. At these junctures, the government's chance of prevailing in a renewed motion to unseal the affidavits will be considerably stronger.

■ The order does resolve conclusively the question of whether the government can use the affidavits to provide possible evidence in this proceeding, as opposed to future unrelated proceedings. This issue, however, and the collateral question of possible self-incrimination barred by the Fifth Amendment, implicate the merits of the current prosecution. Thus, this appeal also fails the second requirement for interlocutory review, because the underlying sealing order is not completely separate from the merits of the case. *See Cunningham v. Hamilton County*, —— U.S. ——, 119 S.Ct. 1915, 1920, 144 L.Ed.2d 184 (1999) (appellate review of a sanctions order would not be completely separate from merits of underlying case); *Coopers & Lybrand*, 437 U.S. at 469, 98 S.Ct. 2454 (class action determinations intertwined with factual and legal issues of underlying action). An order that maintains documents under seal is tantamount to a garden variety evidentiary ruling that is classically interlocutory and not appealable. *See Carroll*, 354 U.S. at 404–05, 77 S.Ct. 1332; *Church of Scientology v. United States*, 591 F.2d 533, 536 (9th Cir.1979).

Finally, the order does not fulfill the third requirement of the collateral order doctrine. This third requirement is only satisfied where "the order at issue involves an asserted right the legal and practical value of which would be destroyed if it were not vindicated before trial." *Midland Asphalt*, 489 U.S. at 799, 109 S.Ct. 1494 (internal quotations and citation omitted). The magistrate judge sealed the financial affidavits because the defendants' financial condition directly concerned the present charges against them, thus implicating the Fifth Amendment should the affidavits be unsealed. Once the defendants are tried on these charges, the risk of self-incrimination will have dissipated because the government may not retry the defendants on the same charges. *See Abney v. United States*, 431 U.S. 651, 660–61, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977) (discussing the Double Jeopardy Clause). Thus, the government's asserted right to investigate possible perjury in the affidavit will not be irretrievably lost if not asserted before trial. In sum, the collateral order doctrine does not permit us to review the sealing order.

■ In the alternative, the government asks us to consider its appeal as an application for a writ of mandamus. In order to succeed on this application, the government must satisfy the *Bauman* factors. These are:

(1) The party seeking the writ has no other adequate means, such as a direct appeal, to attain the relief that he or she desires.

(2) The petitioner will be damaged or prejudiced in a way not correctable on appeal.

(3) The district court's order is clearly erroneous as a matter of law.

(4) The district court's order is an oft-repeated error, or manifests a persistent disregard of the federal rules.

(5) The district court's order raises new and important problems, or issues of law of first impression.

*Allen v. Old Nat'l Bank of Wash.*, 896 F.2d 416, 419–20 (9th Cir.1990) (citing *Bauman v. United States Dist. Court*, 557 F.2d 650, 654–55 (9th Cir.1977)). Writs of mandamus ought not be used to rectify "erroneous interlocutory orders that are within a district court's prescribed jurisdiction." *See Dior*, 671 F.2d at 357. Nor should writs be issued to thwart the congressional policy against piecemeal appeals, which is particularly strong in the criminal area. *Id.*

For reasons similar to those we have discussed in rejecting an interlocutory appeal, we must deny the application for a writ of mandamus. The government is not foreclosed from seeking release of the information once the risk of its use against defendants in this prosecution has passed. To the extent the district court sought to protect the defendants' Fifth Amendment rights, its decision did not constitute clear error, oft-repeated error, or any disregard for the rules because our decisions have not yet decided the amount of protection required for financial affidavits. *See Hitchcock*, 992 F.2d at 239.

In *Hitchcock*, where the defendant appealed a district court order refusing to seal a financial affidavit, this court found that the *Bauman* factors pointed away from granting a writ of mandamus. *Id.* Although we recognized that this circuit has not yet decided how much protection financial affidavits merit, we said that the issue is not "so important to administration of the courts or to other litigants" to militate in favor of a writ. *Id.* The *Bauman* factors weigh against extraordinary relief in this case as well.

The appeal is DISMISSED; the alternative mandamus petition DENIED.