**UNITED STATES of America,
Plaintiff,**

v.

**Piotr KODZIS, Defendants.**

**No. CIV. 03CR0275HAJB.**

United States District Court,
S.D. California.

March 28, 2003.

---

Sanjay Bhandari, Special Assistant U.S. Attorney, for Plaintiff's Counsel.

John C. Lemon, Federal Defenders of San Diego, for Defense Counsel.

### Order Denying Defendant Kodzis' Ex Parte Application to File Proffer Under Seal

BATTAGLIA, United States Magistrate Judge.

Defendant Piotr Kodzis, through counsel, submitted an ex parte request to file a proffer under seal with regard to his eligibility for appointment of counsel under 18 U.S.C. § 3006A(a). The government has filed an opposition, and Kodzis has filed a reply. Kodzis argues that he should be permitted to submit financial information by way of proffer made by his counsel, ex parte and under seal, in lieu of any personal statement on his own behalf. Kodzis argues this procedure is necessary to avoid any unnecessary conflict between his right to counsel under the Sixth Amendment and his Fifth Amendment privilege against self-incrimination. For the reasons explained below, Kodzis' request to proceed by proffer of counsel ex parte and under seal is DENIED. Kodzis shall submit the required financial information in support of his request for appointment of counsel under 18 U.S.C. § 3006A(a) within ten (10) days of the filing of this Order.

### Background

The indictment against Kodzis arises out of the continuing criminal investigation related to PinnFund USA, Inc. Between 1993 and March 2001, PinnFund was a mortgage lending company based in San Diego County. During that time frame the co-defendants in this case, Hillman and Kodzis, allegedly solicited over $300 million in investor funds for PinnFund. In March 2001, PinnFund went into receivership by order of this Court upon a motion by the United States Securities and Exchange Commission ("SEC"), based upon allegations that investors were being defrauded and their funds improperly distributed. *See SEC v. PinnFund USA, Inc., et al.,* Case No. 01cv496-H(LAB). Since that time, PinnFund's Chief Executive Officer Michael J. Fanghella, its President and Chief Operating Officer Keith G. Grubba, and its Chief Financial Officer John D. Garitta have all pled guilty to criminal charges arising out of their roles at PinnFund, admitting that they operated PinnFund as a massive Ponzi scheme involving hundreds of millions of dollars of investor funds. *See United States v. Fanghella,* Case No. 01cr2559-H; *United States v. Grubba,* Case No. 03cr228-H; and *United States v. Garitta,* Case No. 02cr2291-H.

The indictment against the co-defendants in this case, Hillman and Kodzis, was filed on January 30, 2003. The indictment charges the defendants with twenty-nine counts of fraud and conspiracy to commit fraud based upon their roles in the PinnFund. At the time of his arraignment on February 4, 2003, Federal Defenders of San Diego was provisionally appointed to represent Kodzis. On February 14, 2003, Kodzis filed an ex parte motion under seal seeking approval of his filing of an attorney proffer, rather than a sworn affidavit, as proof that he was financially unable to obtain adequate representation. This Court ordered that a redacted copy of the motion be served upon the government, and permitted the government to respond to Kodzis' motion. Kodzis has also filed a written reply. Kodzis argues that his proposed attorney proffer, in lieu of a sworn personal statement of his financial status, is necessary to protect his Fifth Amendment privilege against self-incrimination. Kodzis argues that the proffer must also be filed under seal for the same reason.

## Discussion

■ Pursuant to 18 U.S.C. § 3006A(a), Kodzis is entitled to the appointment of counsel upon a showing that he is "financially unable to obtain adequate representation." Kodzis has the burden of demonstrating that he is financially eligible for free counsel, and the court should only appoint counsel if it is "satisfied after appropriate inquiry that the person is financially unable to obtain counsel." 18 U.S.C. § 3006A(b); *United States v. Ellsworth,* 547 F.2d 1096, 1098 (9th Cir.1976); *United States v. Schmitz,* 525 F.2d 793, 795 (9th Cir.1975). Kodzis' current request contains two distinct components—a request to proceed by proffer of counsel in lieu of any personal statement by Kodzis regarding his financial status and an alternative request for his financial information to be submitted ex parte and under seal.

■ In satisfying its obligation to conduct an "appropriate inquiry" into the defendant's financial condition, this Court often requires defendants to complete a form CJA 23 financial affidavit, setting forth under penalty of perjury information such as current employment, spouse's current employment, cash and other real or personal property owned, and any other forms of income received within the last year and their source. There is, however, no particular format required for the submission of financial information. *United States v. Sarsoun,* 834 F.2d 1358, 1361 (7th Cir.1987). To the contrary, the legislative history of the Civil Justice Act of 1964 shows that it is the court's obligation to "scrutinize all applications for representation" by receiving information "by hearing, affidavit or other suitable investigation." H.R.Rep. No. 864, 88th Cong., 1st Sess., *reprinted in* 1964 U.S.C.C.A.N. 2990, 2996. As such, the method of proof of a defendant's financial inability to obtain counsel "necessarily varies with the circumstances presented." *United States v. Barcelon,* 833 F.2d 894, 897 (10th Cir.1987).

■ Kodzis argues that his Fifth Amendment privilege against self-incrimination would be best preserved if he was permitted to proceed by proffer of counsel in lieu of any personal statement regarding his financial status. Kodzis points out that even though financial information provided by him in support of his request for appointment of counsel cannot be used directly to incriminate him in this case, *Simmons v. United States,* 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968), the government could seek to use such information for other purposes such as impeachment. *United States v. Kahan,* 415 U.S. 239, 243, 94 S.Ct. 1179, 39 L.Ed.2d 297 (1974). Kodzis argues that he should not be required to choose between his privilege against self-incrimination under the Fifth Amendment and his right to counsel under the Sixth Amendment. This Court concludes, however, that the proffer submitted by Kodzis does not satisfy his burden of demonstrating financial inability to retain counsel.

As the Supreme Court noted in *Kahan,* "[t]he protective shield of *Simmons* is not to be converted into a license for false representations on the issue of indigency free from the risk that the claimant will be held accountable for his falsehood." This Court has an obligation under the Civil Justice Act to ensure that it is appointing counsel, and expending government funds to pay for such counsel, only where the defendant is financially unable to retain counsel on his own. "Under the Criminal Justice Act, the public fisc need not contribute one penny unless the accused first establishes that he cannot afford counsel." *United States v. Bauer,* 956 F.2d 693, 695 (7th Cir.1992). As such, there is no basis in this case for the appointment of counsel without a showing by Kodzis, personally,

of the need for free counsel. *Id.; see also Sarsoun*, 834 F.2d at 1362. Kodzis does not cite a single case that would permit him to proceed by way of proffer in lieu of his own personal statement of financial inability under all the facts and circumstances set forth herein.

It may well be that in some cases it is not only permissible but also preferable to proceed by way of counsel's proffer alone. For example, this Court routinely is called upon to appoint counsel for illegal aliens who have been arrested under 18 U.S.C. § 1326. In most of these cases under § 1326, it is patently obvious from all of the facts and circumstances that the defendant is financially unable to retain counsel. As such, the proffer of counsel alone may be sufficient. In this case, however, it is not obvious that Kodzis cannot afford to retain counsel. It is alleged that Kodzis was part of a scheme that resulted in the loss of hundreds of millions of investors' funds. Before this Court can appoint counsel for Kodzis pursuant to 18 U.S.C. § 3006A(b), it must be satisfied that he is financially unable to retain counsel. Under the facts and circumstances presented in this case, the proffer of Kodzis' counsel is insufficient to meet that standard. Thus, this Court denies Kodzis' request to proceed though proffer of counsel in lieu of a personal statement by him of his financial inability to retain counsel.

■■■ In the alternative, Kodzis offers in his reply brief to submit a CJA 23 ex parte and under seal. This Court concludes, however, that Kodzis has failed to demonstrate that a sealing order is appropriate. As an initial matter, the Court notes that although the public has a general right to access to court documents under the common law and under the First Amendment, *Nixon v. Warner Communications*, 435 U.S. 589, 597, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978), the government does not have standing to assert this right

on behalf of the public. *United States v. Hickey*, 185 F.3d 1064, 1066 (9th Cir.1999). Certainly the government, however, has an interest and a responsibility to bring to the Court's attention any possible misuse or waste of public funds. *United States v. Zelenka*, 112 F.Supp.2d 708, 712 (M.D.Tenn.1999).

■■■ Even absent objection by the government, there is a presumption of openness of criminal proceedings which springs from the First Amendment and common law. *Press–Enterprise Co. v. Superior Court*, 464 U.S. 501, 509, 104 S.Ct. 819, 78 L.Ed.2d 629 (1984) (*Press–Enterprise I* ); *Press–Enterprise Co. v. Superior Court*, 478 U.S. 1, 9–10, 106 S.Ct. 2735, 92 L.Ed.2d 1 (1986) (*Press–Enterprise II* ). "Closed proceedings, although not absolutely precluded, must be rare and only for cause shown that outweighs the value of openness." *Press–Enterprise I*, 464 U.S. at 523, 104 S.Ct. 819 (citing *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 606–07, 102 S.Ct. 2613, 73 L.Ed.2d 248 (1982)). As such, this Court may not order Kodzis' financial information filed under seal unless it makes a specific determination that Kodzis' financial disclosure would present a "substantial hazard[ ] of self-incrimination that [is] 'real and appreciable' and not merely 'imaginary and unsubstantial.' " *Seattle Times v. United States District Court*, 845 F.2d 1513, 1518 (9th Cir.1988) (quoting *United States v. Neff*, 615 F.2d 1235, 1239 (9th Cir.1980)); *see also United States v. Hyde*, 208 F.Supp.2d 1052, 1054 (N.D.Cal.2002).

Kodzis argues he is entitled to have his financial affidavit filed ex parte and under seal because it is unclear the extent to which any statements contained in that affidavit could be used against him in subsequent proceedings. As Kodzis correctly points out, the extent to which Fifth Amendment protection should be afforded to statements made by a defendant in sup-

port of a request for appointment of counsel is not well-settled. In *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967 (1968), the Supreme Court held that statements made by a defendant in a suppression hearing, in order to preserve his rights under the Fourth Amendment, could not later be used against him in a trial on the merits of the case because this would create an " 'intolerable' need to surrender one constitutional right in order to assert another." *Simmons*, 390 U.S. at 394, 88 S.Ct. 967. Several years later, in *United States v. Kahan*, the Court declined to expressly extend the *Simmons* principle to statements made by a defendant in support of an application for appointment of counsel. *Kahan*, 415 U.S. at 243, 94 S.Ct. 1179. Instead, the Supreme Court held that it was permissible for the prosecution to use the pretrial statements during trial not for purposes of showing that the statements themselves were incriminating, but to show a consciousness of guilt. The Ninth Circuit has twice, since *Kahan*, declined to grant interlocutory appeal or mandamus relief with regard to a district court's decision to seal or not seal a financial affidavit. *United States v. Hitchcock*, 992 F.2d 236 (9th Cir.1993) (declining to exercise interlocutory jurisdiction or grant mandamus relief to defendants based upon the district court's order denying their motion to seal or grant immunity with regard to financial affidavits submitted in support of appointment of counsel); *United States v. Hickey*, 185 F.3d 1064 (9th Cir.1999) (declining to exercise interlocutory jurisdiction or grant mandamus relief to government based upon district court's order denying motion to unseal affidavits filed in support of appointment of counsel).

The fact that the law is not well-established with regard to the extent of protection under the Fifth Amendment to be provided for financial affidavits submitted in support of appointment, however, does not per se require this Court to seal Kodzis' financial affidavit. The Supreme Court as well as the Ninth Circuit have made clear that criminal proceedings are presumptively open. The public has an appreciable interest in the criminal proceedings at issue here, where Kodzis requests that counsel be appointed by the Court and paid for by the government. In this case, the government has alleged that Kodzis took part in a scheme resulting in the loss of millions of dollars of investors' money. To the extent Kodzis claims that he has insufficient funds to retain private counsel and asks the Court to appoint counsel for him free of charge, such application should be made publicly unless Kodzis can demonstrate a "real and appreciable" hazard that the statements made by him in the financial affidavit could subject him to criminal liability. *Seattle Times*, 845 F.2d at 1518.

The information contained in counsel's proffer—Kodzis' current employer and salary, ownership and equity in real property and cars, and current bank account balances, cannot reasonably be considered in any way incriminating. Information such as that already provided by Kodzis' counsel is innocuous, and in no way can be linked to the conduct alleged in the indictment, and if truth be told is likely available to anyone willing to use the internet or conduct a credit check. It may be that in truthfully submitting a financial affidavit in support of his request for appointment of counsel, Kodzis would be required to reveal information which could raise some Fifth Amendment concerns. The indictment in this case alleges conduct that could have resulted in financial gain to Kodzis. It may be that Kodzis has assets available to him which, if revealed, could be incriminating. If that is the case, Kodzis may submit a renewed request to file his financial affidavit under seal. As currently submitted, however, Kodzis' motion to submit his counsel's proffer ex parte

and under seal in support of his request for appointment of counsel is denied.

### Conclusion

For the reasons explained herein, Kodzis' request to file his counsel's proffer ex parte and under seal, in lieu of a sworn affidavit by him regarding his financial inability to retain counsel, is DENIED. The Clerk shall unseal Kodzis' original application. Within ten (10) days of the filing of this Order, Kodzis shall submit directly to Magistrate Judge Battaglia's chambers either a completed CJA 23 or an affidavit containing relevant information demonstrating that he is financially unable to retain counsel, and therefore entitled to the appointment of counsel under 18 U.S.C. § 3006A(a). If Kodzis believes information contained within his financial affidavit would create a "real and appreciable" hazard of criminal liability, he may renew his motion to file the affidavit under seal.

IT IS SO ORDERED.