NOT FOR PUBLICATION

# FILED

UNITED STATES COURT OF APPEALS

JAN 22 2015

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10636 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00458-JAM-3 |
| v. | |
| KEVIN HAWKINS, Ket T. Hawkins, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10424 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00458-JAM-3 |
| v. | |
| KEVIN HAWKINS, AKA Ket T. Hawkins, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted January 13, 2015
San Francisco, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: WALLACE, M. SMITH, and FRIEDLAND, Circuit Judges.

A jury convicted Kevin "Ket" Hawkins of one count of witness tampering, but deadlocked on five sex-offense counts. The district court has not yet sentenced Hawkins on the witness-tampering count or retried him on the five sex-offense counts. Hawkins now appeals from district court orders denying (1) his motion for a new trial on the witness-tampering count, (2) his motion to dismiss the five sex-offense counts, and (3) his motion for release pending sentencing on the witness-tampering count and release pending trial on the five sex-offense counts. We dismiss in part and affirm in part.

We dismiss Hawkins's appeal from the district court's denial of his motion for a new trial. There is no final judgment against Hawkins. *See Flanagan v. United States*, 465 U.S. 259, 263 (1984). Because Hawkins's self-representation claim is reviewable after a final judgment, *see id.* at 267-68, the collateral order doctrine does not apply, *see United States v. Hitchcock*, 992 F.2d 236, 238 (9th Cir. 1993). Thus, we lack jurisdiction over this appeal.

We have jurisdiction over Hawkins's appeal from the district court's denial of his motion to dismiss even though it is also interlocutory. We have appellate jurisdiction over such appeals under the collateral order doctrine if they raise a

2

colorable double jeopardy claim, *see United States v. Price*, 314 F.3d 417, 420 (9th Cir. 2002), and Hawkins's double jeopardy claim is colorable because it advances a legal theory that is not foreclosed by existing precedent, *see United States v. Lewis*, 368 F.3d 1102, 1108-09 (9th Cir. 2004).

We affirm the district court's denial of Hawkins's motion to dismiss. Even if we accept Hawkins's contention that *Oregon v. Kennedy*, 456 U.S. 667 (1982), applies here, Hawkins's double jeopardy claim fails. To the extent that Hawkins's double jeopardy claim in the district court encompassed the FBI agent's conduct, we review the district court's finding that there was no evidence of intentional goading for clear error. *See United States v. Lopez-Avila*, 678 F.3d 955, 963 (9th Cir. 2012). Hawkins's claim then fails because the district court did not clearly err in finding a lack of intentional governmental goading. To the extent that Hawkins's double jeopardy claim in the district court did not encompass the FBI agent's conduct, we review for plain error. *See United States v. Hernandez-Guardado*, 228 F.3d 1017, 1028-29 (9th Cir. 2000). Hawkins's claim then fails because it is not "plain" that the FBI agent engaged in intentional goading.

Hawkins fares no better when he advances his double jeopardy claim under

3

an ineffective-assistance-of-counsel theory. Because Hawkins could have been retried even if his trial counsel had obtained a mistrial, *see Kennedy*, 456 U.S. at 675-76, Hawkins cannot show prejudice from trial counsel's failure to do so, *see Strickland v. Washington*, 466 U.S. 668, 694 (1984).

We have jurisdiction over the district court's detention order under 18 U.S.C. § 3145(c), and we affirm. Hawkins has not produced clear and convincing evidence that he is not a danger to the community, as required for release pending sentencing. *See* 18 U.S.C. § 3143(a). Because Hawkins is not entitled to release pending sentencing on the witness-tampering count, we need not decide whether he is entitled to release pending trial on the remaining counts.

In sum, we DISMISS Hawkins's appeal from the district court's denial of his motion for a new trial in No. 13-10636. We AFFIRM the district court's denial of Hawkins's motion to dismiss in No. 13-10636 and the district court's detention order in No. 14-10424.

**No. 13-10636 DISMISSED in part; AFFIRMED in part. No. 14-10424 AFFIRMED.**