NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 4 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LOUIS TAYLOR, a single man,

Plaintiff-Appellee,

v.

COUNTY OF PIMA, a body politic; CITY
OF TUCSON, a body politic,

Defendants-Appellants.

No.    23-15110

D.C. No. 4:15-cv-00152-RM

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Rosemary Márquez, District Judge, Presiding

Argued and Submitted March 28, 2024
San Francisco, California

Before:  PAEZ, NGUYEN, and BUMATAY, Circuit Judges.

The County of Pima and City of Tucson (collectively the "County") appeal

the district court's order denying their motion to unseal a declaration. (Dkt. 509).

The order is not final, but the County argues that we may nevertheless exercise

jurisdiction under the collateral order doctrine. We disagree and therefore dismiss

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

this appeal.[1]

Under the collateral order doctrine, we may review a narrow class of decisions that are not final but must "in the interest of achieving a healthy legal system, nonetheless be treated as final." *Childs v. San Diego Family Hous. LLC*, 22 F.4th 1092, 1095 (9th Cir. 2022). "To fall within the parameters of the exception, an order must (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) [be] effectively unreviewable on appeal from a final judgment." *United States v. Hickey*, 185 F.3d 1064, 1066 (9th Cir. 1999) (internal citation omitted).[2]

The first factor is not met because the district court did not "conclusively determine the disputed question[.]" *Id*. To the contrary, the district court explicitly indicated that "[l]ater, if needed, the Court will issue an order addressing Declarant's declaration and will allow the press the opportunity to address the Court." While the district court was unclear about the exact circumstances under which it would reconsider the order, or when it would do so, the parties are certainly free to clarify those issues with the district court prior to trial.

The second factor weighs more in favor of the County. The issue of whether

---

[1] Because we dismiss the appeal, the motions to file under seal, (Dkts. 4, 7, 8, 15, 17, 20, 21, 42, 43, 51, and 52) are GRANTED.

[2] Cases cited by the County, *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) and *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025 (9th Cir. 2014), are inapposite because the sealing orders there were effectively final.

to keep the declaration sealed is separate from Louis Taylor's ("Taylor") underlying 42 U.S.C § 1983 claims, and Taylor does not persuasively contend otherwise.

Finally, in order to exercise jurisdiction under the collateral order doctrine, we consider whether "all orders resolving [the motions] cannot 'be adequately vindicated by other means[.]'" *United States v. Guerrero*, 693 F.3d 990, 997 (9th Cir. 2012) (citing *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 107 (2009)). Here, if the district court decides to maintain its sealing order, the County's interest in unsealing can be adequately vindicated on direct appeal. Unlike an order to unseal, which "conclusively determines the disputed question" and cannot effectively be remedied on appeal, an erroneous sealing order may be corrected by simply unsealing the information on appeal. *Islamic Shura Council of S. California v. F.B.I.*, 635 F.3d 1160, 1164 (9th Cir. 2011); *see also In re Copley Press, Inc.*, 518 F.3d 1022, 1025 (9th Cir. 2008) ("[T]he government could file a renewed motion to unseal after the trial [is] over."). The County argues that it will suffer irreparable prejudice if the district court allows the declarant to testify in a sealed proceeding, but it has not articulated what that prejudice entails, or why it would not be sufficiently mitigated on direct appeal. [3] *See Guerrero*, 693 F.3d at 999

---

[3] To the extent the County contends the declarant's interests will be affected by any decision on a subsequent appeal, that record is not sufficiently developed before

("[A]ny benefits of immediate appeal of a district court's order resolving a motion to seal… is not 'sufficiently strong to overcome the usual benefits of deferring appeal until litigation concludes.'") (citing *Mohawk*, 558 U.S. at 107).

**DISMISSED**.

---

this court, and we leave it to the district court to address these issues in the first instance.